IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ROBERT WAITH BECK,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | 3:21-cv-00002-SMR-HCA<br><br>REPORT AND RECOMMENDATION CONCERNING DISMISSAL OF PLAINTIFF'S CLAIMS |

Plaintiff Robert Beck ("Mr. Beck") filed a Complaint for Review of a Denial of his Social Security Claim in this Court on January 4, 2021. ECF No. 1. At that time, Mr. Beck was represented by counsel, Trent A. Henkelvig, who the Court allowed to withdraw on April 27, 2021. ECF No. 9. On April 23, 2021, the Court entered an Order giving Mr. Beck until June 23, 2021 "to retain new counsel and have new counsel file an appearance; notify the Court of his intent to proceed pro se; or his intent to dismiss the case." ECF No. 7. On the same day, the Court entered an Order setting a status conference for June 25, 2021. ECF No. 8. The Court mailed a copy of both those Orders, and every docket entry since April 23, 2021, to Mr. Beck at the address Mr. Beck's former attorney provided in his Motion to Withdraw as Counsel.

The Court notes Defendant has not yet filed an appearance in this case. Upon corresponding with counsel in the United States Attorney's Office, the Court understands Defendant has not appeared because Mr. Beck did not serve the United States Attorney's Office or the Attorney General as required by FRCP 4(i). Attorney William Purdy offered to send Mr. Beck a letter informing him of the deficient service. At the Show Cause Hearing held on July 15,

2021, Assistant United States Attorney Kristin Olson reported that their office sent Mr. Beck a letter as instructed by the Court to the address Mr. Beck's former attorney provided on June 28, 2021 and it was returned as undelivered with no forwarding address. On July 8, 2021, United States Attorney's Office sent the same letter to the address of Mr. Beck on the Complaint, which had not yet been returned.

Mr. Beck did not notify the Court of his intent moving forward per the Court's April 23, 2021 Order. In fact, Mr. Beck has made no attempt to contact the Court whatsoever. Further, Mr. Beck failed to appear at the June 25, 2021 Status Conference.

Per Local Rule 41(a)(4), where a deadline set by the Court has been exceeded by more than 30 days the Clerk of Court may enter an order dismissing a case. L.R. 41(a)(4). Federal Rule of Civil Procedure 41 also provides for dismissal for failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Mr. Beck has failed to comply with the Court's April 23, 2021 Orders.

In light of Mr. Beck's failure to attend a hearing set by the Court, participate in case management, and comply with Court orders, the Court set a Show Cause Hearing so Mr. Beck could "show cause as to why his case should not be dismissed for failure to comply with Court-ordered deadlines." ECF No. 11. The Court held the hearing on July 15, 2021. Again, Mr. Beck failed to appear. The Court was unable to contact Mr. Beck, as it does not have any contact information for him other than an address.

**IT IS RESPECTFULLY RECOMMENDED** that Judge Rose dismiss Plaintiff's claims for failure to prosecute and failure to comply with Court orders. Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S.

626, 630-31 (1962)). Plaintiff has failed to appear at two hearings and has not participated in his case. Mr. Beck has failed to prosecute his claims and to comply with Court orders.

**IT IS ORDERED** that Mr. Beck has until **July 29, 2021,** to file a written objection to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objection filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated July 15, 2021.

Helen C. Adams
Chief U.S. Magistrate Judge